Filing # 114974640 E-Filed 10/14/2020 03:25:28 PM



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

TARIZA HOLMES

     Plaintiff,

vs.                             Case No.:

AKIMA GLOBAL SERVICES, LLC,

     Defendant.

_____/

## COMPLAINT

Plaintiff, TARIZA HOLMES ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, AKIMA GLOBAL SERVICES, LLC, ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages in excess of $30,000, exclusive of attorney fees and costs, for Defendant's unlawful, retaliatory discharge of Plaintiff in violation of Florida's private sector Whistleblower's Act, Fla. Stat. § 448.101-448.102 ("FWA").

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is Florida Profit Corporations authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami-Dade County.

5. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff performed work for Defendant as a detention officer and security from on or about 2015 through on or about February 5, 2019.

7. On January 4, 2019, Plaintiff was working in the Medical Housing Unit with Nurse Farinas.

8. At this date and time, the detainee in Nurse Farinas' care experienced a medical emergency.

9. The detainee fell forwards towards the floor and began having a seizure.

10. Plaintiff submitted an oral report and written report to her supervisors.

11. Thereafter, the supervisors including a project manager and a Human Resource manager instructed Plaintiff to change her statement and lie about what she saw the nurse do with the detainee prior to the seizure.

12. Plaintiff was asked to change her statement to make the event seem as if the nurse was helping the detainee and not hurting the detainee.

13. Plaintiff was shown a video of the incident and the manager insisted the event happened in a way that Plaintiff did not view the incident.

14. Plaintiff refused to change her oral and written statement and refused to lie as requested by Defendant through its agents during an official investigation by Defendant.

15. Plaintiff complained to the manager and the HR department about not wanting to lie.

16. Plaintiff refused to obey an order that would have required her to violate a law, rule, or regulation.

17. Based on her refusal, on February 5, 2019, Plaintiff was fired in retaliation for her refusal to lie and/or based on her refusal to agree to obstructing justice in violation of Florida Statute

843 and Federal law 18 U.S.C. Section 1512 or making false statements to federal officials in violation of 18 U.S.C Section 1001 and other state and federal laws concerning obstruction of justice and/or making false statements to an agency of the federal government.

18. At all times throughout his employment, Plaintiff was qualified for her position and performed all duties in an exemplary fashion. Any reason proffered by Defendant for any action taken against Plaintiff is merely pretext for unlawful retaliation.

## COUNT I
### *Retaliation under the FWA*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

20. At all times material hereto, Defendant employed ten or more persons and otherwise qualified as an "employer" under the FWA.

21. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

22. At all relevant times aforementioned, including at the time of Plaintiff's discharge, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

23. At the time of discharge, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

24. Defendant's discharge of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

25. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

26. Any allegedly justified reason for Plaintiff's discharge asserted by Defendant is a mere pretext for the actual reason for discharge—Plaintiff's objections to the aforementioned illegal activity.

27. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

28. The aforementioned actions of Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE,** Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

E. Award any other compensation allowed by law including attorney's fees pursuant to Fla. Stat. § 448.104.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated October 2, 2020                              Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005





# MIAMI-DADE COUNTY CLERK OF THE COURTS
HARVEY RUVIN

<u>Contact Us</u>     <u>My Account</u>     

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

‹‹ BACK

**TARIZA HOLMES VS AKIMA GLOBAL SERVICES. LLC**

| | | | |
|---|---|---|---|
| Local Case Number: | 2020-022195-CA-01 | Filing Date: | 10/14/2020 |
| State Case Number: | 132020CA022195000001 | Judicial Section: | CA09 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

👥 **Parties**                                              Total Of Parties: 2   ➕

🛠 **Hearing Details**                                    Total Of Hearings: 0   ➕

📶 **Dockets**                                               Total Of Dockets: 8   ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 7 | 11/12/2020 | | Answer and Affirmative Defense | Event | |
| | | 10/16/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 10/16/2020 | | ESummons 20 Day Issued | Event | Parties: Akima Global Services. LLC |
| | 5 | 10/16/2020 | | Receipt: | Event | RECEIPT#:2680186 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEI |
| | 4 | 10/16/2020 | | Receipt: | Event | RECEIPT#:2680075 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RE |
| 📄 | 3 | 10/15/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 2 | 10/14/2020 | | Complaint | Event | |
| 📄 | 1 | 10/14/2020 | | Civil Cover Sheet - Claim Amount | Event | |

1/2

≪ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



**HARVEY RUVIN**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.



Filing # 114974640 E-Filed 10/14/2020 03:25:28 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Tariza Holmes</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Akima Global Services. LLC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer            Fla. Bar # 165580
       Attorney or party                  (Bar # if attorney)

Jason S Remer                10/14/2020
 (type or print name)              Date

Filing # 115007813 E-Filed 10/15/2020 09:51:03 AM

IN THE CIRCUIT COURT OF THE<br>
11TH JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI-DADE COUNTY, FLORIDA

TARIZA HOLMES

     Plaintiff,

vs.                           Case No.: 2020-022195-CA-01

AKIMA GLOBAL SERVICES, LLC,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO: AKIMA GLOBAL SERVICES, LLC** through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

     **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                    JASON S. REMER, ESQ.
                    REMER & GEORGES-PIERRE, PLLC.
                    44 WEST FLAGLER STREET
                    SUITE 2200
                    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                    DATE

_____

(BY) DEPUTY CLERK



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

TARIZA HOLMES,                                   CASE NO.: 2020-022195-CA-01
          Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC,
          Defendant.

---

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

---

**COMES NOW,** Akima Global Services, LLC ("AGS" or "Defendant"), by and through

its undersigned counsel of record, and submits this Answer and Defenses to Plaintiff's Complaint:

## <u>COMPLAINT</u>

1.     Defendant admits that Plaintiff has filed this civil action seeking declaratory and

injunctive relief and monetary damages pursuant to Florida Statutes §448.101-448.102. Defendant

denies that Plaintiff is entitled to any relief requested in the Complaint.

2.     Defendant is without knowledge or information to respond to the allegations in this

paragraph, and therefore, denies the allegations contained in Paragraph 2.

3.     Defendant admits that it conducts business in Miami-Dade County, Florida but

denies that it is a corporation.  Except as expressly admitted, Defendant denies the allegations

contained in Paragraph 3.

4.     Defendant is without knowledge or information to respond to the allegations in this

paragraph, and therefore, denies the allegations contained in Paragraph 4.

5.     Defendant is without knowledge or information to respond to the allegations in this

paragraph, and therefore, denies the allegations contained in Paragraph 5.

**<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>**

6.      Defendant admits that Plaintiff began working for Defendant in 2015 and was terminated on/around February 5, 2019.  Defendant further admits that Plaintiff held the positions of Detention Technician and/or Detention Officer during her employment with Defendant.  Except as expressly admitted, Defendant denies the allegations contained in Paragraph 6.

7.      Admitted.

8.      Defendant is without knowledge or information to respond to the allegations in this paragraph, and therefore, denies the allegations contained in Paragraph 8.

9.      Defendant is without knowledge or information to respond to the allegations in this paragraph, and therefore, denies the allegations contained in Paragraph 9.

10.     Defendant admits that Plaintiff submitted a written report.  Defendant is without knowledge or information to respond to the remaining allegations in this paragraph and on that basis denies.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

<u>**COUNT 1**</u>
*Retaliation under the FWA*

19.     Defendant re-alleges its responses to Paragraphs 1-18.

20.    Admitted.

21.    Denied.

22.    Defendant admits that it is aware of employee rights but denies that Plaintiff's rights were violated.  Except as expressly admitted, denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

<b><u>PRAYER FOR RELIEF</u></b>

The allegations contained in Plaintiff's Prayer for Relief (Subsections A-E) do not require a response on the part of Defendant.  To the extent a response is required, however, Defendant denies that Plaintiff is entitled to any judgments or relief whatsoever, including the relief requested in its Prayer for Relief.

<b><u>AFFIRMATIVE AND OTHER DEFENSES</u></b>

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Some or all of Plaintiff's claims may be barred by laches or applicable statutes of limitation and/or her failure to timely exhaust administrative prerequisites and conditions precedent to filing suit.

3.    Plaintiff cannot establish a *prima facie* case of retaliation under the Florida Whistleblower Act (FWA).

4.      Plaintiff was an at-will employee.  All actions taken by Defendant were for legitimate, lawful, non-retaliatory reasons and were in no way based upon the Plaintiff's alleged rights under the FWA, if any.

5.      Plaintiff has suffered no damages.  In the alternative, Plaintiff has failed to mitigate her damages, and/or her damages are subject to or barred by offset, set-off, credit, waiver, estoppel, ratification, or acquiescence, and she is entitled to only one satisfaction for any unlawful action or omission.

6.      Plaintiff would be unjustly enriched if allowed to recover on her Complaint.

7.      Defendant denies that Plaintiff has sustained any damages as a result of Defendant's conduct.

8.      Plaintiff is not entitled to costs, interest, or any other form of relief, including but not limited to injunction, reinstatement of any kind, or attorney's fees.

9.      Defendant's actions were based on good, sufficient, and legal cause, upon reasonable grounds or justification, and were taken in good faith and without malice or intent.

10.     Plaintiff's claim may be preempted per federal law.

11.     Plaintiff's claims are barred because Defendant did not violate any law which would make this claim actionable.

12.     Plaintiff's claims are barred because she cannot show that she engaged in any activity protected under the FWA or that she had a good faith, objectively reasonable belief that her activity was protected under the FWA.

13.     Plaintiff's claims are barred because she failed to notify Defendant about any illegal activity, policy, or practice.

14.     By failing to inform Defendant in a timely manner of the purported conduct described in the Complaint, Plaintiff caused or contributed to some or all of the damages and injuries alleged.

15.     Defendant is not liable for conduct as alleged by Plaintiff of which it had no knowledge, and against which it maintains an express policy prohibiting retaliation that is effectively disseminated.

16.     Defendant is not liable to Plaintiff for any damages, including but not limited to any compensatory damages allowable by law, because it did not authorize or ratify the conduct alleged by Plaintiff.  To the extent Plaintiff's cause of action is based upon any alleged conduct or act engaged in by Defendant employees, any such actions were outside the course and scope of their employment, their reasons for acting in any such manner were strictly for personal reasons, and their actions did not arise in the course of performance of their job duties.

17.     Plaintiff's claims for damages, if any, are subject to any and all applicable statutory caps or other limitations on damages.

18.     At all times, Defendant has made good faith efforts to comply with the FWA. Any alleged FWA violations were not willful.  Defendant acted in good faith, with reasonable grounds for believing that its actions, inactions or omissions were not in violation of the FWA.  Any complained-of act or omission was in good-faith conformity with and in reliance on applicable law.

19.     Defendant denies that it violated any statute referenced in Plaintiff's claim.  All of Defendant's employment actions affecting Plaintiff were taken for legitimate business reasons, were taken for non-retaliatory reasons, and/or were based on reasonable factors completely unrelated to Plaintiff's alleged participation in a protected activity or any other purported rights

protected by law.  In the alternative, Defendant would have taken the same employment actions against Plaintiff in the absence of any impermissible reasons, factors, or motives.

20.     Defendant did not retaliate against Plaintiff as a result of her alleged participation in a protected activity and Plaintiff's alleged participation in a protected activity was not the reason for any action taken by Defendant.

21.     Defendant reserves the right to assert any additional affirmative defenses and any counterclaims, crossclaims, and/or third party demands it may discover during the course of additional investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that after due proceedings, the Court enter judgment in its favor, dismissing all of Plaintiff's claims with prejudice and awarding Defendant costs of this proceeding, including reasonable attorney's fees.

**COUNSEL FOR DEFENDANT**

*/s/ Heather F. Crow*
Heather F. Crow, Esq.
Florida Bar No.: 115437
**THE KULLMAN FIRM**
2915 Kerry Forest Parkway, Suite 101
Tallahassee, FL 32309
T: (850) 296-1953 | F: (504) 596-4189
hfc@kullmanlaw.com

**Counsel for Defendant,**
**AKIMA GLOBAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of November, 2020, electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

**COUNSEL FOR PLAINTIFF**
Jason S. Remer (FL Bar No. 165580)
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416 5000
Facsimile: (305) 416 5005

*/s/ Heather F. Crow*
**THE KULLMAN FIRM**



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **TARIZA HOLMES,** | |
| **Plaintiff,** | **No.** |
| **v.** | |
| **AKIMA GLOBAL SERVICES, LLC,** | |
| **Defendant.** | |

## DECLARATION OF LORETTA R. GRADY

Pursuant to 28 U.S.C. § 1746, I, Loretta R. Grady, make the following declarations:

1. I am over 18 years of age, suffer no legal disabilities, and am otherwise competent to make this declaration. I have personal knowledge of the facts stated herein and they are all true and correct.

2. I am employed by Akima, LLC as the Senior Director, HR Operations and have held this position since 7/27/2015. As Senior Director, HR Operations, I have access to the personnel files and employment data for current and former employees of Akima, LLC's subsidiaries, including Akima Global Services, LLC ("AGS").

3. I am competent to testify to all of the facts stated in this Declaration either through personal knowledge or my review of records kept in the ordinary course of business.

4. The following information is based on my review of the personnel records for former employee and Plaintiff Tariza Holmes as well as my knowledge of the company.

5. Plaintiff was initially hired by AGS in 2015 and worked until her termination in 2019.

6. At the time of her termination, Plaintiff earned $30.49 per hour and was employed on a full-time basis.

7. During her entire employment, Plaintiff listed her residence in the State of Florida.

8. Plaintiff's employment with AGS ended on February 5, 2019.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


EXECUTED on the 9th day of November, 2020.

_____

Loretta R. Grady

Department of Commerce, Community, and Economic Development

# CORPORATIONS, BUSINESS & PROFESSIONAL LICENSING

State of Alaska / Commerce / Corporations, Business, and Professional Licensing / Search & Database Download / Corporations / Entity Details

# ENTITY DETAILS

DEFENDANT'S EXHIBIT

5

## Name(s)

| Type | Name |
|------|------|
| Legal Name | Akima Global Services, LLC |

**Entity Type:** Limited Liability Company

**Entity #:** 125168

**Status:** Good Standing

**AK Formed Date:** 12/2/2009

**Duration/Expiration:** Perpetual

**Home State:** ALASKA

**Next Biennial Report Due:** 1/2/2021   File Biennial Report

**Entity Mailing Address:** 2553 DULLES VIEW DR STE 700, HERNDON, VA 20171

**Entity Physical Address:** 2553 DULLES VIEW DR STE 700, HERNDON, VA 20171

## Registered Agent

**Agent Name:** C T Corporation System

**Registered Mailing Address:** 9360 GLACIER HWY STE 202, JUNEAU, AK 99801

**Registered Physical Address:** 9360 GLACIER HWY STE 202, JUNEAU, AK 99801

## Officials

☐ Show Former

| AK Entity # | Name | Titles | Owned |
|-------------|------|--------|-------|
| 83572D | Akima, LLC | Member | 100.00 |
| | Christopher Jenkins | Manager | |
| | Laura Mitchell | Manager | |

| AK Entity # | Name | Titles | Owned |
|---|---|---|---|
| | William Monet | Manager | |

# Filed Documents

| Date Filed | Type | Filing | Certificate |
|---|---|---|---|
| 12/02/2009 | Creation Filing | Click to View | |
| 12/04/2009 | Initial Report | Click to View | |
| 12/27/2010 | Biennial Report | Click to View | |
| 4/02/2012 | Certificate of Compliance | | Click to View |
| 12/17/2012 | Agent Change | Click to View | |
| 12/19/2012 | Biennial Report | Click to View | |
| 1/09/2013 | Certificate of Compliance | | Click to View |
| 3/11/2013 | Certificate of Compliance | | Click to View |
| 3/14/2013 | Certificate of Compliance | | Click to View |
| 6/17/2013 | Certificate of Compliance | | Click to View |
| 1/27/2014 | Certificate of Compliance | | Click to View |
| 8/01/2014 | Certificate of Compliance | | Click to View |
| 12/08/2014 | Biennial Report | Click to View | |
| 12/10/2014 | Agent Change | Click to View | |
| 5/12/2015 | Certificate of Compliance | | Click to View |
| 9/22/2015 | Certificate of Compliance | | Click to View |
| 12/04/2015 | Certificate of Compliance | | Click to View |
| 2/02/2016 | Certificate of Compliance | | Click to View |
| 12/21/2016 | Biennial Report | Click to View | |
| 2/10/2017 | Certificate of Compliance | | Click to View |
| 3/21/2017 | Certificate of Compliance | | Click to View |
| 3/21/2017 | Certificate of Compliance | | Click to View |
| 6/20/2017 | Certificate of Compliance | | Click to View |
| 6/23/2017 | Certificate of Compliance | | Click to View |
| 9/15/2017 | Certificate of Compliance | | Click to View |
| 12/18/2017 | Certificate of Compliance | | Click to View |
| 3/15/2018 | Certificate of Compliance | | Click to View |
| 6/15/2018 | Certificate of Compliance | | Click to View |
| 8/20/2018 | Change of Officials | Click to View | |
| 9/12/2018 | Certificate of Compliance | | Click to View |
| 12/07/2018 | Biennial Report | Click to View | |
| 7/16/2019 | Certificate of Compliance | | Click to View |
| 8/05/2019 | Entity Address Change | Click to View | |
| 12/03/2019 | Certificate of Compliance | | Click to View |

COPYRIGHT © STATE OF ALASKA · <u>DEPARTMENT OF COMMERCE, COMMUNITY, AND ECONOMIC DEVELOPMENT</u> ·

Department of Commerce, Community, and Economic Development

# CORPORATIONS, BUSINESS & PROFESSIONAL LICENSING

State of Alaska / Commerce / Corporations, Business, and Professional Licensing / Search & Database Download /
Corporations / Entity Details

# ENTITY DETAILS

## Name(s)

| Type | Name |
|------|------|
| Legal Name | Akima, LLC |
| Previous Legal Name | TKC MANAGEMENT SERVICES, LLC |
| Previous Legal Name | Qivliq LLC |

**Entity Type:** Limited Liability Company

**Entity #:** 83572D

**Status:** Good Standing

**AK Formed Date:** 11/14/2003

**Duration/Expiration:** Perpetual

**Home State:** ALASKA

**Next Biennial Report Due:** 1/2/2021    File Biennial Report

**Entity Mailing Address:** 2553 DULLES VIEW DR STE 700, HERNDON, VA 20171

**Entity Physical Address:** 2553 DULLES VIEW DR STE 700, HERNDON, VA 20171

## Registered Agent

**Agent Name:** C T Corporation System

**Registered Mailing Address:** 9360 GLACIER HWY, STE 202, JUNEAU, AK 99801

**Registered Physical Address:** 9360 GLACIER HWY, STE 202, JUNEAU, AK 99801

## Officials

☐ Show Former

| AK Entity # | Name | Titles | Owned |
|-------------|------|--------|-------|
| 11039D | NANA REGIONAL CORPORATION, INC. | Member | 100.00 |

# Filed Documents

| Date Filed | Type | Filing | Certificate |
|---|---|---|---|
| 11/14/2003 | Creation Filing | Click to View | |
| 1/28/2005 | Biennial Report | Click to View | |
| 8/30/2006 | Change of Officials | Click to View | |
| 11/24/2006 | Amendment | Click to View | Click to View |
| 1/02/2007 | Biennial Report | Click to View | |
| 11/13/2007 | Change of Officials | Click to View | |
| 1/02/2009 | Biennial Report | Click to View | |
| 12/08/2009 | Change of Officials | Click to View | |
| 6/14/2010 | Change of Officials | Click to View | |
| 12/27/2010 | Biennial Report | Click to View | |
| 12/12/2011 | Amendment | Click to View | Click to View |
| 2/22/2012 | Change of Officials | Click to View | |
| 7/13/2012 | Certificate of Compliance | | Click to View |
| 9/27/2012 | Survivor | Click to View | Click to View |
| 9/27/2012 | Survivor | Click to View | Click to View |
| 12/17/2012 | Agent Change | Click to View | |
| 12/21/2012 | Biennial Report | Click to View | |
| 3/11/2013 | Certificate of Compliance | | Click to View |
| 3/14/2013 | Certificate of Compliance | | Click to View |
| 3/14/2013 | Certificate of Compliance | | Click to View |
| 2/11/2014 | Certificate of Compliance | | Click to View |
| 12/10/2014 | Agent Change | Click to View | |
| 1/05/2015 | Biennial Report | Click to View | |
| 3/12/2015 | Certificate of Compliance | | Click to View |
| 6/18/2015 | Change of Officials | Click to View | |
| 12/21/2016 | Biennial Report | Click to View | |
| 3/21/2017 | Certificate of Compliance | | Click to View |
| 6/23/2017 | Certificate of Compliance | | Click to View |
| 9/15/2017 | Certificate of Compliance | | Click to View |
| 12/18/2017 | Certificate of Compliance | | Click to View |
| 3/09/2018 | Certificate of Compliance | | Click to View |
| 3/15/2018 | Certificate of Compliance | | Click to View |
| 6/15/2018 | Certificate of Compliance | | Click to View |
| 8/20/2018 | Change of Officials | Click to View | |
| 9/12/2018 | Certificate of Compliance | | Click to View |
| 12/13/2018 | Biennial Report | Click to View | |
| 8/05/2019 | Entity Address Change | Click to View | |
| 8/09/2019 | Certificate of Compliance | | Click to View |

Division of Corporations Entities Business First Disclosure

| Date Filed | Type | Filing | Certificate |
|---|---|---|---|
| 8/23/2019 | Certificate of Compliance | | Click to View |
| 2/26/2020 | Certificate of Compliance | | Click to View |
| 9/30/2020 | Amendment | Click to View | Click to View |
| 9/30/2020 | Change of Officials | Click to View | |
| 10/16/2020 | Certificate of Compliance | | Click to View |

COPYRIGHT © STATE OF ALASKA · DEPARTMENT OF COMMERCE, COMMUNITY, AND ECONOMIC DEVELOPMENT ·



DEFENDANT'S EXHIBIT
6

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-022195-CA-01
FLA BAR NO.: 115437

TARIZA HOLMES,

    Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC,

    Defendant.

_____/

### NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that on the 19th day of November, 2020, Defendant Akima Global Services, LLC, filed a Notice of Removal, a copy of which is attached hereto, with the United States District Court for the Southern District of Florida.  This case is now removed to the United States District Court for the Southern District of Florida.

Respectfully submitted on this 19th day of November, 2020.

        */s/ Heather F. Crow*
        Heather F. Crow, Esq.
        Florida Bar No.: 115437
        **THE KULLMAN FIRM**
        2915 Kerry Forest Parkway, Suite 101
        Tallahassee, FL 32309
        T: (850) 296-4189| F: (504) 596-4189
        hfc@kullmanlaw.com

        **Counsel for Defendant,**
        **AKIMA GLOBAL SERVICES, LLC**

1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 19th day of November, 2020, I caused to be served the foregoing pleading by U.S. mail, postage prepaid, and/or by using the Court's CM/ECF system, on the following parties:

Jason S. Remer (FL Bar No. 165580)
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 220
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*/s/ Heather F. Crow*
Heather F. Crow, Esq.